[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Milton Craig, appeals from his conviction and sentence on four counts of rape, all with gun specifications. Craig was given to the maximum ten-year sentence on all the counts, with three of the four ten-year sentences to run consecutively. The gun specifications were merged for the purposes of sentencing, and Craig was ordered to serve one mandatory three-year sentence, for a total of thirty-three years. The judge also determined that Craig was a sexual predator under R.C. 2950.09(B)(3).
In his first assignment of error, Craig argues that the trial court erred by allowing the state to deliver a prejudicial closing argument. Specifically, he argues that the prosecutor personally vouched for the credibility of the state's witnesses, particularly the police who testified, and that the prosecutor impermissibly denigrated him and his attorney by referring to certain aspects of Craig's theory of the case as "malarkey." Finally, Craig alleges that the prosecutor misstated the evidence in closing argument and that he did the same thing during the sexual-predator hearing.
Having reviewed the remarks in context of the entire trial, we find no basis to conclude that the prosecutor's comments were either prejudicial or improper. See State v. Maurer (1984), 15 Ohio St.3d 239, 473 N.E.2d 768. The prosecutor was allowed to defend the investigatory techniques of the police when they were subjected to criticism by the defense, and we do not agree that the prosecutor stepped over the line by personally vouching for the credibility of the state's witnesses. Nor do we consider improper the prosecutor's description of certain defense statements as "malarkey," as this was merely a use of the vernacular to suggest their complete lack of evidentiary support.
As for the claim that the prosecution misstated the evidence during the closing argument by advocating that Craig had put a gun in his victim's mouth and raped her by using the gun, we hold that the comment had evidentiary support in the forensic evidence. Of course, the fact that the jury subsequently acquitted Craig of these particular acts would not require a finding that they were not properly argued on the basis of the evidence. Further, the comment made during the sexual-predator hearing would not have had any effect on the jury during the guilt phase. Craig's first assignment of error is overruled.
In his second assignment of error, Craig claims that he was prejudiced by the trial court's failure to dismiss the alternate jurors, pursuant to Crim.R. 24(F), before the jury began its deliberations. Initially, we note that the procedure followed by the trial court was agreed to by the parties as a consequence of uncertainty regarding the availability of one of the jurors. Given the agreed nature of the procedure, Craig must demonstrate actual prejudice to justify a reversal. See State v. Jackson
(2001), 92 Ohio St.3d 436, 439-440, 751 N.E.2d 946, and United States v.Olano (1993), 507 U.S. 725, 113 S.Ct. 1770. Although Craig postulates that the substitution of the alternate juror had a prejudicial effect because four of the guilty verdicts were returned after the substitution, it is only speculation as to what part the alternate juror played in the deliberations. Without further evidence of actual prejudice, the assignment of error is overruled.
In his third assignment of error, Craig argues that the trial court erred by failing to question the jury or give a supplemental Howard
charge once the jury informed the court that it was deadlocked, and by failing subsequently to declare a mistrial. As the state correctly argues, however, the use of a Howard charge was discretionary with the trial court, see State v. Hessler (2000), 90 Ohio St.3d 108,734 N.E.2d 1237, and was certainly not required in light of the fact that constituency of the jury was about to change pursuant to the procedure agreed to by the parties. The third assignment of error is, therefore, overruled.
In his fourth assignment of error, Craig asserts that his trial attorney was ineffective by failing to (1) move for a separation of witnesses; (2) object to the court's failure to provide the "readback" testimony requested by the jury; (3) move for an acquittal under Crim.R. 29; (4) object to the alternate jurors not being discharged prior to deliberations; (5) object to the prosecutor's prejudicial closing argument; (6) object to the failure not to issue a Howard charge; and (7) make numerous court appearances.
Several of these issues we have already found wanting on their merits. Considering them all, however, we note that, in order to successfully argue a claim of ineffective assistance of counsel, a defendant must show that, were it not for trial counsel's alleged errors, the result of the trial would have been different. See Strickland v. Washington (1984),466 U.S. 668, 686, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 141-143, 538 N.E.2d 373. Reviewing each of the alleged errors independently and together, we find no basis to conclude from this record that either individually or collectively they contributed to the guilty verdict, or that, absent one or all of the alleged errors, the result would have different. Accordingly, Craig's fourth assignment of error is overruled.
In his fifth assignment of error, Craig alleges that the trial court erred by failing to declare a mistrial based upon a police officer's testimony on a matter that the trial court previously excluded. The matter pertained to information in the rape-kit examination. The results of the examination had been excluded from evidence because the state had failed to adequately exchange the information in discovery. The testimony was a remark by one of the investigating officers that he had called the hospital where the victim had been taken and was told that examination had revealed multiple tears in her vaginal area.
Craig's defense attorney objected to the hearsay remark. The objection was sustained, and the trial court ordered it stricken. The court then gave a curative instruction to the jury. Given the prompt objection, the striking of the testimony, and the curative instruction, which the jury presumably followed, we cannot say that the trial court abused its discretion by denying the defense motion for a mistrial. See State v.Smidi (1993), 88 Ohio App.3d 177, 623 N.E.2d 655. Craig's fifth assignment of error is overruled.
In his sixth assignment of error, Craig argues that his convictions were against the manifest weight of the evidence. With respect to the rapes, he argues that he did not rape the victim, but that the two engaged in "consensual `hard' sex." Having reviewed the evidence as a thirteenth juror, however, we find absolutely no basis to conclude that the jury lost its way or committed a manifest miscarriage of justice when it credited the testimony of the victim and found that Craig had brutally and repeatedly raped her. See State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus.
We do, however, agree with Craig that the jury's verdicts on the gun specifications were contrary to the weight of the evidence. The state conceded at trial that the gun used by Craig was a pellet gun, and therefore the state failed to prove that the gun met the statutory definition of a firearm. State v. Gaines (1989), 46 Ohio St.3d 65, 68,545 N.E.2d 68. Craig's sixth assignment of error is, therefore, well taken, but only with regard to the gun specifications.
In his seventh assignment of error, Craig argues that the trial court erred by imposing maximum, consecutive sentences. Specifically, he argues that the record did not support the conclusion that each offense constituted the worst forms of rape or otherwise met the necessary criteria for maximum, consecutive sentences under R.C. 2929.14(C) and 2929.14(E)(4). Craig does not dispute, however, that the trial court filled out the felony-sentencing worksheet and made all the proper statutory findings. In support of his argument, Craig maintains that his victim did not sustain any extraordinary injuries, and that there was no basis for the court's conclusion that he posed the greatest likelihood of committing future crimes.
Reviewing the sordid details of the night upon which Craig raped his victim — the extraordinary cruelty that Craig displayed; the brandishing of a pellet gun; the fact that Craig sexually violated his victim repeatedly; the terrifying threats Craig made to the victim in the course of sexually assaulting her; Craig's denial and blatant lack of remorse; and the fact that Craig committed these crimes in the victim's home, where he was staying as a guest, with her son present — all these factors strongly weigh in favor of both maximum and consecutive sentences. Craig's seventh assignment of error is, accordingly, overruled.
In his eighth and final assignment of error, Craig argues that the trial court erred in designating him a sexual predator under the criteria set forth in R.C. 2950.09(B)(2). According to Craig, the trial court did not make the necessary statutory findings, and the evidence did not weigh in favor of a finding that he would be likely to engage in one or more sexually-oriented offenses in the future. We hold, however, that the trial court complied with the Eppinger model of analysis for a sexual-predator hearing. See State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247, 743 N.E.2d 881. Both defense counsel and the prosecutor identified on the record those aspects of Craig's social and criminal history that related to the factors set forth in R.C. 2950.09(B)(2) and were probative of his likelihood to engage in future sexually-oriented offenses. These factors included not only the particular circumstances of the crimes, but a criminal history that included two prior convictions for domestic violence and convictions for resisting arrest and disorderly conduct. See R.C. 2950.09(B)(2)(b). The trial court made clear throughout the sentencing procedure that it was struck by the brutality of the rapes and the fact that they took place over a period of six or seven hours, that Craig committed the rapes while staying as a guest in the victim's home, that Craig abused the victim "in the most unwillingly and unimaginable way," and that Craig had appeared "arrogant" and had "intimidated by both [his] voice and actions" during the proceedings. These statements appropriately concerned the factors found in R.C.2950.09(B)(2)(h) through (j). Craig's noted lack of remorse, manifested by his "arrogance," and his intimidating behavior were "additional behavioral characteristics" under subsection (j), as were his continued denial of the crime and his disturbing insistence that he and the victim were merely engaging in consensual "hard sex" when it was clear from the victim's testimony that she was very brutally raped against her will for over six hours.
While Eppinger counsels against adjudicating a defendant as a sexual offender based upon one factor such as the nature of the conduct, we hold that the sexual-predator hearing gave rise to sufficient evidence of other factors, all supporting the trial court's conclusion that Craig was a sexual predator with a likelihood of committing another sexually-oriented offense. Accordingly, Craig's eighth assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed in all respects save for one: Craig's conviction and sentence for the gun specifications are reversed, and he is discharged from further prosecution on them.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., GORMAN and SUNDERMANN, JJ.